## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| **In re**<br><br>**BELLA AKINYI**<br><br>**Debtor** | **Chapter 7**<br>**Case No. 17-30432-EDK** |

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES, LLC AND MARTY'S REAL ESTATE TO PROCURE CONSENTED <u>PRIVATE SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330</u>

Now comes STEVEN WEISS, Chapter 7 Trustee (the "<u>Trustee</u>") for the above referenced bankruptcy estate of Bella Akinyi (the "<u>Debtor</u>"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing employment of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "<u>BKRES Agreement</u>") attached to BKRES' Affidavit of Disinterestedness at **Exhibit B** (the "<u>BKRES Affidavit</u>") and (2) Marty's Real Estate (the "<u>Listing Agent</u>") under the terms of the agreement (the "<u>Listing Agreement</u>") attached to Listing Agent's Affidavit of Disinterestedness at **Exhibit C** (the "<u>Listing Agent Affidavit</u>"). In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission

that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the private sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3.      On May 31, 2017 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.      The Trustee held the 341 meeting on September 12, 2017.

6.      The Debtor is the joint owner (with her ex-husband) of real property located at 88 Crest Lane, Granville, Massachusetts (the "Property").

7.      The Debtor's schedules reflect that the Property is currently worth $150,000, and is subject to a first mortgage lien (the "Senior Mortgage") in favor of Wells Fargo Mortgage (the "Secured Creditor") in an amount exceeding $183,000.00. The Property may also be subject to a federal tax lien.

8.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

      a.   sell the Property to whichever third party the Trustee determines to have made the best qualified offer during a public sale approved by the Court;

      b.   buy the Property from the Debtor's estate if (and only if) no such offer is made;

      c.   release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9.      Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and the Trustee will bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") upon receipt of an acceptable offer.

10.     By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

### APPLICATION

11.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

12.     As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13.     The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained.  That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

14.     In no event will the estate have any obligation to pay BKRES or Listing Agent.  The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15.     BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16.     The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

17.   BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18.   Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: November 1, 2017

<div style="margin-left:40%">

STEVEN WEISS,
CHAPTER 7 TRUSTEE

By:   /s/ Steven Weiss
      Respectfully submitted,

Steven Weiss, Esquire
BBO# 545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA  01103
(413) 737-1131
sweiss@ssfpc.com

</div>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re<br><br>BELLA AKINYI,<br>　　　　　　　**Debtor** | **Chapter 7**<br>**Case No. 17-30432-EDK** |

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND MARTY'S REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330 OF THE PROPERTY

Upon the Notice and Application of Steven Weiss, the trustee in the above-captioned case ("Trustee"), to Retain BK Global Real Estate Services and Martin Dietter Procure Consented Public Sale pursuant to 11 U.S.C. § § 327, 328 and 330 ("Application") [Docket No.  ], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

A.　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.　　　Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.　　　Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.　　　The Application is hereby GRANTED.

2.　　　Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3.　　　The Trustee is authorized to retain and compensate BKRES and Listing Agent to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter

8

7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order. BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4.      BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5.      BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6.      BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

7.      Notice of the Application was adequate and proper.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

_____
ELIZABETH D. KATZ
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re**<br><br>**Bella Akinyi**<br><br>,<br><br>        **Debtor** | **Chapter 7**<br>**Case No. 17-30432** |

### DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND MARTY'S REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1.   I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Texas located at 1095 Broken Sound Parkway, Suite 100, Boca Raton, FL 33487. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2.   Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.   To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the

10

Bankruptcy Code; and (c) neither BKRES nor any ol its employees hold or represent an interest adverse to the Debtor's estate.

4. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as <u>Schedule 2</u> hereto, as it deems appropriate.


Verified under penalty of perjury that the foregoing is true and correct this ᵗ5 day of _Ocᴛoʙɛⁿ_, 2017.

_____
Patrick Butler
Corporate Broker

The foregoing instrument was acknowledged before me this 5ᵗʰ day of _October_, 2017, by Patrick Butler

who provided identification or is personally known to me and who aid take an oath.


My commission expires



Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **In re** | **Chapter 7** |
| | **Case No. 17-30432** |
| **Bella Akinyi,** | |
| | |
| **Debtor** | |

## DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION OF PETITIONER

I <u>PATRICK BUTLER</u> *hereby declare(s) under penalty of perjury* that all of the information contained in my **AFFIDAVIT OF BROKER** (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 10/11/17  Signed: _____
                                        (Affiant)

## SCHEDULE 1

## STATEMENT OF QUALIFICATIONS AND SERVICES OF BKRES

BK Global™

BK Global™ is a national company with a bankruptcy service platform containing a network of certified BK real estate Brokers and Agents, a national marketplace for listing and submitting bankruptcy real estate purchase offers (www.bankruptcylistings.com), and a centralized team of loan servicing specialists that enable Federal Trustees to streamline and manage their real estate needs most effectively for the benefit of the bankruptcy estate and unsecured creditors. By integrating its unique services and implementing its proprietary tools, BK Global is poised to create industry standards and efficiencies.

Consented Sale™

A Consented Sale™ is an "enhanced" agreement between all requisite stakeholders, the most important being the lender/servicer, of a residential or commercial property for less than what the owner still owes on the mortgage. A Consented Sale™ is a beneficial alternative to foreclosure when a homeowner needs to sell and can no longer afford to make their mortgage payments. The lender agrees to accept less than the amount owed to pay off a loan now rather than taking the property back by foreclosure and trying to sell it later. Lenders agree to a Consented Sale™ because they believe it will net them more money than going forward with a lengthy and costly foreclosure process.

A Consented Sale™ is an "enhanced" short sale and BK Global™ is able to obtain pre-consent by utilizing its proprietary BK Score™ system that analyzes and provides lenders an immediate evaluation of the value of the property and its probability for sale. In addition, BK Global™ is able to agree with lenders/servicers on a strike price for each property, and utilize its national www.bankruptcylistings.com marketplace for listings and online offer management platform.

BK Score™

BK Score™ is generated from a finite set of data points in a prescribed sequence to achieve a resulting score between the values of 1 and 100. The BK Score™ is shared with trustees, servicers, courts, and software management platforms and indicates the likelihood that an asset in a bankruptcy is qualified for consented disposition. The higher the BK Score™ there is a better chance to sell the property. In addition to the presented scores, BK Global provides the trustee a solution to sell the asset which maximizes the benefit to the estate. BK Global™ is at the forefront of creating new industry standards for                                          trustee                                          services.

To consistently measure and predict market value of real estate assets nationally, in an ever changing and fluid real estate market, it is important to have a well-defined methodology that explains how values are derived. The BK Score™ uses multiple data points to predict sales confidence compared to the limited local market inputs used by real estate brokers who are not certified in short sales. BK Score™ incorporates a number of unique methodology questions that include the data points listed below.

**Highlighted BK Score™ Data Points**

- Asset Value / Liabilities / Liens
- Judicial / Non-judicial State Analysis
- Pro Se (Professional Legal Representation)
- Title Search
- Statement of Intent by Debtor
- Foreclosure Timeline Analysis
- Redemption Period Analysis
- Community / Non-community Asset
- Asset Valuation Model (AVM)

## BK Score™ Core Benefits

**Increased Confidence of a Consented Short Sale** – BK Score™ gives lenders, servicers and real estate professionals more precise information on which to determine baseline sales values to achieve a successful consented short sale.

**Accelerates the Short Sale Decision Process** – Technology that utilizes scoring systems allows lenders/servicers to make instant valuation and sales consent decisions. This is notable as applications for consented sale of property can be approved by lenders/servicers in hours rather than weeks for sales values which score above a lender's score cutoff.

**Reduces Risk of Completing a Cooperative Short Sale** – There are certain barriers to a short sale. Servicers are frequently wary of short sale offers because of concerns that they are settling the debt at too low a price. Greater probability that servicers will consent to a short sale is made possible thanks to BK Score™. The BK Score™ empowers any lender/servicer to quickly set a cut off price and begin the short sale process, without time-consuming phone calls, faxed documents, or any effort from the agent or trustee.

**Increases Transaction Transparency** – BK Global™ is integrated with most major lender/servicers nationally. The BK Score™, which has revolutionized the default servicing industry, helps servicers select and execute optimal baseline valuations based on measurable guidelines while driving efficiency, fostering transparency and facilitating compliance. With the use of BK Score™ agents and trustees can quickly collaborate and determine an appropriate list price that allow agents to begin pursuing sales offers with confidence.

The BK Score™ algorithm has been developed by industry experts that have over 30 years of experience in Distressed Real Estate and Bankruptcy Sales. To date, over 2 years of bankruptcy assets have been analyzed and scored using the BK Global Scoring system. BK Score™ is a trademark pending registration with the US Trademark and Patent Office.

BK Search™

BK Search™, powered by the leading national investigation firm Interfor Inc., enables trustees in the BK Global™ program to perform nationwide searches on all potential assets in bankruptcy. Trustees will receive an extremely valuable initial report prior to their 341(a) meeting, which will allow them to question uncovered assets. Interfor is a US based international investigation and security consulting

firm specializing in comprehensive intelligence services to the legal, corporate, financial communities and individuals. The company is staffed by highly skilled investigators and fraud examiners, many of whom have been associated with government, defense, and intelligence agencies worldwide, including the United States CID, CIA, DEA and FBI agencies. Interfor is fully licensed and operates in the United States, Europe, the Middle East, the Americas, Africa and Asia. The investigators are also supported by a sophisticated research division using state-of-the-art technology.

## SCHEDULE 2

### AGREEMENT BETWEEN BKRES AND THE CHAPTER 7 TRUSTEE

[Attached]



October 10, 2017

Steven Weiss
Chapter 7 Trustee
1441 Main St
Springfield, MA 01103
E-mail: sweiss@ssfpc.com

Re:     Bella Akinyi
        Agreement to Negotiate Consented Sale for 88 Crest Street, Granville, MA 01034

Dear Trustee Weiss:

This letter confirms the Agreement to Negotiate a Consented Sale for the referenced property ("Property")
and confirms the undersigned's ("our," "we" or "us") agreement to negotiate a Consented Sale on the
following terms and conditions (collectively, the "Agreement") with the proviso that the hired
professionals, BKRES or Local Agent, shall not participate in the sale and purchase of any estate property
except as hired brokers:

    1.      Following your signature approving this Agreement, we and our affiliate, Bankruptcy
Global Holdings, LLC, will make commercially reasonable efforts to procure the consent and agreement
("Consent") of the senior mortgagee ("Secured Creditor") to:

        a.      sell the Property to whichever third party you determine to have made the
best qualified offer during a public sale approved by the court;

        b.      buy the Property from the estate if (and only if) no such offer is made;

        c.      release its lien and otherwise waive all of its claims against the estate with
respect to the Property (including any deficiency claims resulting from the proposed sale);
and

        d.      agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any
commission payable to the local real estate broker and all other fees and expenses
associated with the sale, and (y) provide a carveout for the benefit of allowed unsecured
creditors of the estate.

    2.      At our recommendation, you have retained a local real estate broker to market the Property
for sale to the public under a separate listing agreement. We will assist them by coordinating all aspects of
the listing and sale process that involve Secured Creditor's Consent. We will also prepare and deliver any
and all reports and information about the Consent, listing and sale process that you reasonably require.
However, your local listing broker will be solely responsible for providing you with all other brokerage
services associated with selling the Property, including inspecting it to confirm condition and occupancy,
preparing any comparative market analysis, Broker Asset Valuation (Streamlined BPO) and Broker's Price
Opinion (BPO), recommending a listing price, preparing marketing materials, including photographs and
signage, and displaying the same at the Property and on the Multiple Listing Service, conducting all open

1

Steven Weiss, Trustee
Agreement to Negotiate Consented Sale
88 Crest Street, Granville, MA 01034
Bella Akinyi

houses and showings, and helping you evaluate and negotiate purchase offers, all at their sole cost and expense.

3.     The term of this Agreement will commence when you sign and return a copy of this letter and the court approves it. This Agreement will automatically terminate upon the closing of the sale of the Property, but may be terminated by either party for any or no reason at any time from and after 180 days from commencement. In addition, this Agreement will be terminated if the Chapter 7 Trustee files a Report of No Distribution, files a Notice of Abandonment of the subject property, or submits a Trustee's Final Report to the Office of the United States Trustee.

4.     There will be no fees due to, or payable by, either party under this Agreement, and neither party will be reimbursed by the other party for any cost or expense. Subject to the foregoing, you acknowledge and agree that our fee and expenses will be paid by Secured Creditor as a 11 U.S.C. § 506 surcharge, if and to the extent that Secured Creditor agrees and the court approves. You further acknowledge and agree that, if the Property is sold to a third party, we may receive some or all of our fee and expenses under a fee agreement with the local listing broker.

5.     You will make commercially reasonable efforts to assist us in procuring Secured Creditor's Consent and marketing and selling the Property and hereby appoint us as your agent to act on your behalf as trustee in connection with the same.

6.     We acknowledge and agree that (a) you are not executing this Agreement in your individual capacity, but solely as trustee of the estate, (b) we do not and will not have any right or claim with respect to the estate and (c) our sole recourse for payment of our fee and expenses will be to Secured Creditor under the Consent and the local listing broker under our fee agreement, but only if and to the extent that the same are approved by the court.

7.     This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

Please let us know if you have any questions regarding the foregoing or enclosed materials. Otherwise, kindly confirm your agreement by signing and returning this letter to retain us at your earliest convenience.

We look forward to working with you.

Sincerely,

**BK GLOBAL:**

**BK GLOBAL REAL ESTATE SERVICES**, a Florida limited liability company

By: _____
        Patrick Butler, Broker-in-Charge

Acknowledged and agreed as of the date set forth above.

**TRUSTEE:**

_____
STEVEN WEISS, not individually but solely as Trustee in the referenced matter.

2

**EXHIBIT C**
**MARTIN DIETTER, MARTY'S REAL ESTATE**
**AFFIDAVIT OF DISINTERESTEDNESS**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:                                  Case No. 17-30432
                                        Chapter 7
Bella Akinyi


_____Debtors_____/_____

## AFFIDAVIT OF MARTIN DIETTER IN SUPPORT OF APPLICATION
## TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND MARTY'S REAL
## ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C.
## § 327, 328 AND 330

STATE OF MASSACHUSETTS     )
                           )
COUNTY OF Hampden          )

      Martin Dietter, being duly sworn, says:

      1.      I am a real estate agent duly licensed by the State of Massachusetts.

      2.      I am an agent of Marty's Real Estate a Massachusetts Corporation, with corporate offices located at 200 Center Street, Suite 17C, Ludlow, MA 01056 ("Listing Agent").

      3.      I am familiar with the Application to Retain Marty's Real Estate, filed by the Trustee ("Application") and the property described therein.

      4.      I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 88 Crest Street, Granville, MA 01034 (the "Property").

      5.      Marty's Real Estate has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

I

6.      Neither I nor any member of Marty's Real Estate hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.      To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.      I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.



Martin Dietter of
Marty's Real Estate

The foregoing instrument was sworn to and subscribed before me this **17th** day of

_____**October**_____, 20**17**.

NOTARY PUBLIC

Notary Public, State of
Massachusetts

Type, Stamp, or Print Name as
Commissioned

2

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| **In re**<br><br>**BELLA AKINYI,**<br>　　　　　　**Debtor** | **Chapter 7**<br>**Case No. 17-30432-EDK** |

## DECLARATION RE: RELECTRONIC FILING

### PART I – DECLARATION OF PETITIONER

I_____**Martin Dietter**_____ *hereby declare(s) under penalty of perjury* that all of the information contained in my **AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES AND MARTY'S REAL ESTATE** (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: __11/10/17__　　　　　Signed: _____
　　　　　　　　　　　　　　　　　　　　　　(Affiant)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**AKINYI, BELLA**<br><br><br>**Debtor(s)** | **Chapter 7**<br>**Case No.:  17-30432-EDK** |

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on November 16, 2017, a copy of the foregoing Application to Employ Broker was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Bella Akinyi
88 Crest Lane
Granville, MA  01034

Richard S. Ravosa, Esq.
Massachusetts Bankruptcy Center
One South Avenue
Natick, MA  01760

_____/S/ Steven Weiss_____
Steven Weiss, Esquire

Label Matrix for local noticing
0101-3
Case 17-30432
District of Massachusetts
Springfield
Thu Nov 16 12:01:47 EST 2017

Springfield
U.S. Bankruptcy Court
300 State Street, Suite 220
Springfield, MA 01105-2925

AT&T Mobility
P.O. Box 536216
Atlanta, GA 30353-6216

American Student Assistance
100 Cambridge Street, Suite #1600
Boston, MA 02114-2567

Baystate Medical Practices
150 A Andover Street, Suite 12A
Danvers, MA 01923-5305

Carter Business Service, Inc.
150 A Andover Street, Suite 12A
Danvers, MA 01923-5305

Comcast/Xfinity
P.O. Box 1577
Newark, NJ 07101-1577

ERC
P.O. Box 57610
Jacksonville, FL 32241-7610

Educational Credit Management Corporation
PO BOX 16408
ST. PAUL, MN 55116-0408

Eversource
P O Box 650851
Dallas, TX 75265-0851

Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458-1005

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Liberty Savings Bank
P O Box 986
Newark, NJ 07184-0001

M&T BANK
PO BOX 1508
BUFFALO, NY 14240-1508

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
1100 WEHRLE DRIVE
WILLIAMSVILLE NY 14221-7748

New York State
P O Box 5290
Albany, NY 12205-0290

Robert Widoloski
1241 Elm Street
Unit A-5
West Springfield, MA 01089-1839

Robert Windoski
1241 Elm Street
Unit A-5
West Springfield, MA 01089-1839

Town Of West Springfield
Collector/Treasurer
26 Central Street, Suite #9
West Springfield, MA 01089-2753

Town of Granville
P.O. Box 247
Granville, MA 01034-0247

UN Federal Credit Union
820 2nd Avenue, Fl 12
Dept.
New York, NY 10017-4523

Valley Women's Health Group
3550 Main Street
Springfield, MA 01107-1088

Wells Fargo
P O Box 14591
Des Moines, IA 50306-3591

Western Massachusetts Electric Co. DBA Evers
Eversource Legal Dept - Honor Heath Esq.
107 Selden Street
Berlin, CT 06037-1616

Bella Akinyi
88 Crest Lane
Granville, MA 01034-9776

Richard King
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361

Richard S. Ravosa
Massachusetts Bankruptcy Center
One South Avenue
Natick, MA 01760-4600

Steven Weiss
1441 Main Street
Suite 1100
Springfield, MA 01103-1450

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

M&T Bank
P.O. Box 64679
Baltimore, MD 21264

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo Bank N.A., successor by merger          (u)Bob

End of Label Matrix
Mailable recipients    27
Bypassed recipients     2
Total                  29